UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12100-GAO

COMPANION HEALTH SERVICES, INC., a Massachusetts Corporation,
Plaintiff,

v.

MAJORS MOBILITY, INC., a Michigan Corporation, MAJORS MEDICAL, INC., a Michigan Corporation, MMS NORTHERN DETROIT, INC., a Michigan Corporation, MAJORS MOBILITY-ZANESVILLE, LLC, a Michigan Limited Liability Company, GEORGE KURTZ; MARY KAY REID, STUART SHERMAN, and JACOB & WEINGARTEN, P.C.,
Defendants,

and

J.P. MORGAN CHASE BANK, N.A.,
as Trustee-Process Defendant.

ORDER
July 6, 2010

O'TOOLE, D.J.

An entry of default, which is all that has occurred on the piercing the corporate veil claim, is an interlocutory order. United States v. $23,000 in United States Currency, 356 F.3d 157, 163 (1st Cir. 2004); see KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) (noting that a default judgment cannot be entered on a claim until damages are assessed). A court has the "inherent power . . . to correct, within a reasonable time, a manifest error in its own interlocutory order." Jusino v. Zayas, 875 F.2d 986, 990 n.3 (1st Cir. 1989). George Kurtz and Mary Kay Reid, however, do not seek to identify any errors made by the Court but merely express their continued disagreement with the sanction imposed by the Court.

The defendants' Motion for Reconsideration (dkt. no. 178) is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge