UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-12100-GAO

COMPANION HEALTH SERVICES, INC., a Massachusetts Corporation,
Plaintiff,

v.

MAJORS MOBILITY, INC., a Michigan Corporation; MAJORS MEDICAL, INC., a Michigan Corporation; MMS NORTHERN DETROIT, INC., a Michigan Corporation; MAJORS MOBILITY-ZANESVILLE, LLC, a Michigan Limited Liability Company; GEORGE KURTZ; MARY KAY REID; STUART SHERMAN; and JACOB & WEINGARTEN, P.C.,
Defendants,

and

J.P. MORGAN CHASE BANK, N.A.,
as Trustee-Process Defendant.

ORDER
September 1, 2010

O'TOOLE, D.J

The information submitted by the plaintiff indicates that the defendants may have abandoned their businesses and may therefore be in the process of disposing of the assets of those businesses. If they are disposing of assets, then the request for emergency relief to restrain the disposition of assets is justified. If they have not discontinued business and are not disposing of assets, then the amendment of the existing preliminary injunction will not affect their ability to conduct business in the regular course. The matter can be further considered at the status conference scheduled for September 9, 2010.

Accordingly, the plaintiff's Emergency Motion to Modify the Existing Preliminary Injunction and for an Immediate Accounting by the Defendants of Their Compliance with the Court's December 12, 2007 Order (dkt. no. 212) is GRANTED in PART and DENIED in PART.

No accounting will be required at this juncture, but the December 12, 2007 preliminary injunction (dkt. no. 36) is modified as set forth below, and, as modified, is reaffirmed:

1. Subject to the "ordinary course" provisions set forth below in paragraph two, pursuant to Federal Rules of Civil Procedure 64 and 65 and Massachusetts Rule of Civil Procedure 65, the Majors defendants, including Majors Mobility, Inc., Majors Medical, Inc., MMS Northern Detroit, Inc., Majors Mobility-Zanesville LLC, George Kurtz, and Mary K. Reid, and all their agents, servants, employees and attorneys, and all persons in active concert or participation with them, are temporarily restrained from, directly or indirectly, transferring, assigning, pledging, hypothecating, causing to diminish in value, encumbering, selling or otherwise granting a security or collateral interest in or to (collectively, "Transfers") any of their assets or the assets of any partnership, corporation, limited liability company, entity or other form of business (whether incorporated or unincorporated) in which the Majors defendants hold any direct or indirect ownership interest or of which they are officers, directors, employees, members, representatives, partners or over which they have any control, until a final judgment is entered in this case and any applicable appeals are decided, up to the amount of $1,700,000.00. For purposes of this Order, the assets (the "Assets") shall include all goods, tangible or intangible, real and/or personal property, inventory, equipment, fixtures, accounts, cash, securities, instruments, or other items of any material value beneficially or legally owned, operated or otherwise possessed, in whole or in part, directly or indirectly, by any or all of the

Majors defendants individually or jointly. This Order shall not apply to the use of personal assets of George Kurtz or Mary K. Reid for ordinary and reasonable living necessities.

2. The Majors defendants shall not, directly or indirectly, make (or cause to be made) any withdrawals from, issue (or cause to be issued), or present (or cause to be presented) drafts against or make (or cause to be made) transfers or any payments from (whether by check, draft, electronic funds transfer or any other instrument) any bank account (jointly and severally, the "Bank Accounts") owned, maintained or operated by any or all of them, or with respect to which any or all of the Majors defendants or their affiliates are beneficiaries, including without limitation, any bank accounts maintained at JP Morgan Chase Bank, N.A. and its subsidiaries and affiliates; provided, however, that any checks or drafts written by any of the Majors defendants or their affiliates for payments to arms-length third party payees, in the ordinary course of business, may properly be debited to any of the foregoing accounts. This paragraph shall not prohibit the use of personal bank accounts of Kurtz and/or Reid to meet the costs of ordinary and reasonable living necessities as allowed by the previous paragraph.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge